UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
03 NOV -3 AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| DAVID DICKERSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 03-B-2509-NW |
| DOLLAR TREE STORES, INC.; CHRIS NYGREN, | ) | |
| Defendants. | ) | |

ENTERED
NOV 03 2003

## MEMORANDUM OPINION

This case is presently before the court on plaintiff's Motion to Remand, (doc. 3), and Petition to Amend Complaint and Reduce Compensatory and Punitive Damages, (doc. 2). Plaintiff asks the court for leave to amend his Complaint to reduce the amount of damages sought from defendant Chris Nygren from $85,000 to $65,000. (Doc. 2 ¶ 2.) He contends that his Amended Complaint below requested $85,000 in compensatory and punitive damages from defendant Nygren due to a "clerical error," and that "this lawsuit is not worth over $65,000, (doc. 2 ¶¶ 1-2). In his Motion to Remand, plaintiff asks the court to remand this case because "this action is not a matter that should be before the Federal Court as the amount in controversy would, in the best circumstances for Plaintiff, never equal $65,000.00." (Doc. 3 ¶ 4.)

Defendants oppose plaintiff's Motion to Remand. They contend, "Once a case is properly removed, subsequent events will not divest the federal court of jurisdiction." (Defs.

13

Resp. to Mot. to Remand ¶ 2.) Thus, they argue, "Plaintiff's attempt to amend his complaint should not impact this Court's analysis of its removal jurisdiction." (*Id.* ¶ 6.)

However, plaintiff does not seek to amend his Complaint merely to limit his damages to less than the jurisdictional amount. He contends that his claim for damages of $85,000 was the result of a clerical mistake, and that "the amount in controversy would . . . never equal [even] $65,000."

"[W]hen the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002)(citing *Singer v. State Farm Mutual Insurance Co.*, 116 F.3d 373, 375 (9th Cir. 1997)); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really less than the jurisdictional amount to justify dismissal." *St. Paul*, 303 U.S. at 288-89 (footnotes omitted). "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction. *Id.* at 289-90 (footnote omitted). However, the court may determine that the amount claimed by plaintiff could not have been claimed in "good faith," absent a mistake, and that "recovery of the jurisdictional amount has been at all relevant times a legal impossibility." *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (5th

Cir. 1994)(quoting *Flournoy v. United States Aviation Underwriters, Inc.*, 206 F. Supp. 237, 238 (W.D. Tex. 1962)).[1]

The present action is factually similar to a case from the District Court for the Northern District of Mississippi, *Moore v. Toyota Motor Corp.*, 64 F. Supp. 2d 612 (N.D. Miss. 1999). In that case, the *ad damnum* clause to plaintiff's complaint asked for $75,000 in "actual" damages, but did not refer to punitive damages, which plaintiff had claimed. *Id.* at 613. Defendants removed the case to federal court on the grounds that the amount in controversy exceeded $75,000, "since the complaint [sought] punitive damages in addition to $75,000 in compensatory damages." *Id.* The plaintiff asked the court to remand the case on the ground "that the reference to actual damages, exclusive of punitive damages, was inadvertent." *Id.* The *Moore* court held:

> "[A] plaintiff may not defeat removal by subsequently ***changing*** his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached." *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia S.A. v. Dow Quimica de Colombia S.A.* [*ANPAC*], 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994) (citing *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). In *ANPAC* the complaint plead an unspecified amount of damages and

---

[1] The *Flournoy* court held:

Clearly, . . . plaintiff's attorney was mistaken when he demanded the larger sum for his client. If he had known the true facts, he could not have in good faith claimed the amount stated.

All of the events affecting jurisdiction of the instant case occurred prior to the institution of suit in state court, and it is obvious that a recovery of the jurisdictional amount has been at all relevant times a legal impossibility. The fact that a mistake may have been honestly made in claiming the original amount could not convert what in the absence of the mistake would have been bad faith, into the kind of good faith necessary to vest jurisdiction in this Court.

Under the circumstances it becomes the duty of the Court to remand this case to the state court . . . .

*Flournoy*, 206 F. Supp. at 238 (citations omitted).

3

the Fifth Circuit allowed a post-removal affidavit clarifying the amount of damages sought:

> Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal.

988 F.2d at 565, *cited in Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)("under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time"). *See Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 214 (E.D. Tex. 1996)("Damage stipulations filed before a federal district court has passed upon its determination of jurisdiction are permissible if they *clarify* as opposed to amend an original petition.").

The affidavit of the plaintiff's attorney states that he specifically directed his secretary to request damages less than $75,000. The affidavit further states:

> 4. Affiant intended to specifically plead damages below the Federal Court jurisdictional amount to keep the case in State Court. The use of the word "actual" in the ad damnum clause was a clerical mistake.
>
> 5. Affiant stipulates that plaintiff's damages did not exceed $75,000.00 at the time of the filing of the complaint and will not exceed in the future $75,000.00. Affiant's previous motion to allow an amended complaint "to reword her complaint" . . . . was not filed as a manipulative maneuver to reduce her *ad damnum* to defeat federal jurisdiction, but was filed to clarify a good faith mistake.
>
> 6. Furthermore, Affiant will not file an Amended Complaint to increase the requested damages after one year passes. [Under 28 U.S.C. § 1446(b), "a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action."]

The above-quoted affidavit cannot be reasonably construed as an attempt to amend or reduce the damages claims. It merely corrects a clerical mistake and confirms that the amount of damages specified in the state court complaint is the maximum that the plaintiff seeks to recover for both actual and punitive damages. The court finds that the affidavit manifests the

4

> plaintiff's "commitment to recovery below the federal threshold." *De Aguilar v. Boeing Co.* [*De Aguilar II*], 47 F.3d 1404, 1412 n.10 (5th Cir.), *cert. denied*, 516 U.S. 865(1995). The express stipulation in the affidavit limits any recovery to $75,000 and precludes the plaintiff from amending the *ad damnum* clause in state court to plead damages in excess of $75,000. Upon remand the plaintiff "will not be able to recover more than the damages for which [she] has prayed in the state court complaint." *De Aguilar II*, 47 F.3d at 1411. Accordingly, the plaintiff is "legally bound to accept less" than the federal jurisdictional amount, as was intended upon commencement of this cause. *Allen*, 63 F.3d at 1335 n.14. Since the actual amount in controversy does not invoke diversity jurisdiction, the motion to remand should be granted.

*Moore*, 64 F. Supp.2d at 613-14 (emphasis in original; footnotes omitted).

Like the plaintiff in *Moore*, Dickerson claims that his request for $85,000 in damages from defendant Nygren was inadvertent, the result of a clerical mistake. Also, he contends that he meant to request $65,000 in damages from defendant Nygren, and that his damages will "never equal $65,000," even "in the best of circumstances."

If plaintiff will file an Affidavit that he will never demand or accept more than $75,000, exclusive of interest and costs, the court will grant plaintiff's Petition to Amend Complaint and Reduce Compensatory and Punitive Damages, (doc. 2), and his Motion to Remand, (doc. 3). The Affidavit must be filed with the court on or before **November 18, 2003**. If the Affidavit is not filed, the Motion to Remand will be denied.

**DONE** this ___3rd___ day of November, 2003.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

5